**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

JEFFREY HOFFMAN,                         )
                                         )
              Plaintiff,                 )
                                         )
       v.                                )     Civil No. 2012–86
                                         )
ROSEWOOD HOTELS AND RESORTS, LLC d/b/a )
ROSEWOOD LITTLE DIX BAY; and B&B YACHT )
SERVICES, LTD.,                          )
                                         )
              Defendants.                )
                                         )
_____)

ATTORNEYS:

**Lee J. Rohn, Esq.**
Lee J. Rohn and Associates
St. Croix, VI
     *For the plaintiff*,

**Jennifer Quildon Miller, Esq.**
Hamilton, Miller & Birthisel, VI P.C.
Miami, FL
     *For the defendant Rosewood Hotels and Resorts, LLC, d/b/a*
     *Rosewood Little Dix Bay; and Dive BVI,*

**Sharmane Davis-Brathwaite, Esq.**
**Lenehn Ning Ricks, Esq.**
Dudley Rich Davis LLP
St. Thomas, VI
     *For the defendant B&B Yacht Services, Ltd.*

<u>**MEMORANDUM OPINION**</u>

**GÓMEZ, C.J.**

       Before the Court is the motion of the defendant, Rosewood

Hotels and Resorts, LLC, doing business as Rosewood Little Dix

Bay, to dismiss this action in accordance with the doctrine of

forum non conveniens.

*Hoffman v. Rosewood Hotels & Resorts*
Civil No. 2012-86
Memorandum Opinion
Page 2

## I.    <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

In March, 2012, the plaintiff, Jeffrey Hoffman ("Hoffman"), and his wife traveled from their home in Connecticut to Virgin Gorda, British Virgin Islands. While in Virgin Gorda, Hoffman and his wife stayed at Rosewood Little Dix Bay, a resort owned and operated by the defendant Rosewood Hotels and Resorts ("Rosewood"). Rosewood is a Delaware limited liability company with its principal place of business in Texas.

On March 14, 2012, Hoffman arranged, through Rosewood, to charter a boat from the defendant B&B Yacht Services, Ltd. ("B&B"). B&B is a company incorporated and operating in the British Virgin Islands. The boat B&B provided was captained by Christine Hurst ("Hurst"), an employee of B&B.

While traveling aboard the B&B vessel, en route from Jost Van Dyke, British Virgin Islands, to Norman Island, British Virgin Islands, Hoffman was injured. Specifically, he claims that he was thrown about the boat when Hurst failed to navigate it properly through rough waters.

After sustaining his injuries, Hoffman was transported to the Peebles Hospital in Tortola, British Virgin Islands, where he received treatment for his injuries.

Hoffman initiated this action on October 22, 2012. He seeks damages for the injuries he sustained as a result of the allegedly negligent operation of the B&B boat.

*Hoffman v. Rosewood Hotels & Resorts*
Civil No. 2012-86
Memorandum Opinion
Page 3

Rosewood now moves to dismiss this action pursuant to
Federal Rule of Civil Procedure 12(b)(3) on the ground that the
doctrine of forum non conveniens does not permit the litigation
of this claim in this Court. Hoffman opposes the motion.

## II.  DISCUSSION

"[A] plaintiff's choice of forum should rarely be
disturbed." *Piper Aircraft v. Reyno*, 454 U.S. 235, 257 (1981).
However, the doctrine of forum non conveniens permits a district
court to dismiss an action if " 'an alternative forum has
jurisdiction to hear the case,' and trial in the plaintiff's
chosen forum 'would "establish oppressiveness and vexation to a
defendant out of all proportion to plaintiff's convenience," '
or the ' "chosen forum is inappropriate because of
considerations affecting the court's own administrative and
legal problems." ' " *Delta Air Lines, Inc. v. Chimet, S.p.A.*,
619 F.3d 288, 295-96 (quoting *Piper Aircraft*, 454 U.S. at 241
(quoting *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524
(1947))) (internal alterations omitted).

"Although 'the decision to grant or deny a *forum non
conveniens* motion lies within the district court's sound
discretion,' the court's decision ' "should be an exercise
founded on a procedural framework guiding the district court's
decision making process." ' " *Delta Air Lines*, 619 F.3d at 295
(quoting *Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 43 (3d Cir.

1988) (quoting *In re Air Crash Disaster Near New Orleans, La. on July 9, 1982*, 821 F.2d 1147, 1165 (5th Cir. 1987))).

A district court "must first decide whether an adequate alternative forum exists to hear the case." *Lony v. E.I. Du Pont de Nemours & Co.*, 886 F.2d 628, 633 (3d Cir. 1989) (quoting *Lacey*, 862 F.2d at 43). The court must then "evaluate the amount of deference due to the plaintiff's choice of forum." *Delta Air Lines*, 619 F.3d at 295 (citing *Lony*, 886 F.2d at 633.) Finally, the court must "consider and balance" the factors set forth in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947). *See Delta Air Lines*, 619 F.3d at 295.

In *Gilbert*, the Supreme Court identified two categories of factors that a court should consider in determining which forum is most appropriate. First, the Court must consider the "private interest" factors, which include:

> [1] the relative ease of access to sources of proof; [2] availability of compulsory process for attendance of unwilling, and the cost of obtaining willing, witnesses; [3] possibility of view of premises, if view would be appropriate to the action; and [4] all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Gilbert*, 330 U.S. at 508. Second, the Court is to consider the "public interest" factors, which include:

> [1] the administrative difficulties flowing from court congestion; [2] the "local interest in having localized controversies decided at home"; [3] the interest in having

> the trial of a diversity case in a forum
> that is at home with the law that must
> govern the action; [4] the avoidance of
> unnecessary problems in conflict of laws, or
> in the application of foreign law; and [5]
> the unfairness of burdening citizens in an
> unrelated forum with jury duty.

*Piper Aircraft*, 454 U.S. at 241 n.6 (quoting *Gilbert*, 330 U.S. at 509).

The *Gilbert* factors are "by no means exhaustive, and some factors may not be relevant in the context of a particular case." *Van Cauwenberghe v. Biard*, 486 U.S. 517, 528-29 (1988). "The defendant bears the burden of persuasion at each stage in the analysis . . . ." *Delta Air Lines*, 619 F.3d at 295 (citing *Lacey*, 862 F.2d at 43).

### III. ANALYSIS

Rosewood maintains that an adequate alternative forum exists in the form of the judicial system of the British Virgin Islands, and that all of the relevant *Gilbert* factors counsel in favor of allowing this action to be litigated there. Hoffman contends that great deference should be given to his choice of forum, or, alternatively, that dismissal at this stage would be premature.

### A. Availability of Adequate Alternative Forum

As noted above, before the Court may address the *Gilbert* factors, it must first "consider the availability of an adequate alternative forum and the amount of deference to be accorded to

the plaintiff's choice of forum . . . ." *Lacey*, 862 F.3d at 45
(internal citation omitted). Ordinarily, the requirement of an
adequate alternative forum "will be satisfied when the defendant
is 'amenable to process' in the other jurisdiction," except in
the "rare circumstances . . . where the remedy offered by the
other forum is clearly unsatisfactory," such as when "the
alternative forum does not permit litigation of the subject
matter of the dispute." *Piper Aircraft*, 454 U.S. at 255 n.22.

In the present case, Rosewood has stipulated that, if this
matter is tried in the British Virgin Islands, it "agrees to
submit itself to the jurisdiction of the BVI and to accept
service in the BVI in [this matter]." (Rosewood's Mot. to Dismiss
at 2.) Moreover, Rosewood's codefendant, B&B, is a British Virgin
Islands corporation that operates in the British Virgin Islands.
(*See* Amend. Compl. ¶¶ 6, 9.)

The courts of the British Virgin Islands are part of the
court system of the Eastern Caribbean Supreme Court (the "ECSC").
British Virgin Islands Const. ¶ 89-90. The ECSC is an international
judicial system which operates in several Caribbean countries.
Broadly speaking, the ECSC is bipartite in structure. There are
trial courts, known as "High Courts of Justice," in each country,
and a single "Court of Appeal," which hears appeals from the High
Courts. *See* ECSC Civ. P. R. 39.1-39.7; 62.1. The ECSC Civil
Procedure Rules provides for substantial discovery rights, and

permits the High Courts to compel disclosure of documents by
court order. ECSC Civ. P. R. 28.1–28.18. Parties are entitled to
obtain "information about any matter which is in dispute in the
proceedings." ECSC Civ. P. R. 34.1(1). The Rules also provide
means by which the parties may compel the attendance of witnesses
at trial. ECSC Civ. P. R. 33.2. Parties may also compel the
attendance of witnesses at depositions, with leave of the High
Court. ECSC Civ. P. R. 33.7.

Trials before the High Courts are held in public, and
written transcripts of the proceedings are made. *See* ECSC Civ. P.
R. 29.2; 62.12(3). The primary form of adducing evidence at trial
is by live testimony, although the Rules give courts substantial
discretion to accept evidence by way of documents, experts, and
by other means if witnesses are unavailable. ECSC Civ. P. R.
29.2(2)(a), 31.1, 32.1, 33.14–33.15.

Upon obtaining a money judgment, a party may enforce it in
several ways, including by a writ of execution or by attachment.
ECSC Civ. P. R. 45.2, 46.1, 50.2. A judgment of the High Court
may be appealed as a matter of right to the Court of Appeals.
ECSC Civ. P. R. 62.4(1).

The jurisdiction of the ECSC extends to all individuals
residing or doing business in the Virgin Islands. *IPOC Int'l
Growth Fund v. LV Finance Grp. Ltd.,* Civ. App. Nos. 20 of 2003
and 1 of 2004 (Sept. 19, 2005) (holding that claims may be

brought in the ECSC when the defendants are residents or
conducting business in the British Virgin Islands). The ECSC has
adopted the common law of the United Kingdom, and recognizes the
claim of negligence as well as the common-law defenses to it.
*See Frett-Henry v. Tortola Concrete Ltd.*, Civ. App. No. 24 of
2008 (Nov. 21, 2011) (interpreting negligence and defense of
contributory negligence under the common law).[1]

It would thus appear that the defendants are amenable to
service in the British Virgin Islands and that the judicial
system of the British Virgin Islands would recognize Hoffman's
claim. Ordinarily, this would suffice to show that the British
Virgin Islands was an adequate alternative forum. *See Piper
Aircraft*, 454 U.S. at 255 n.22.

However, Hoffman contends that the British Virgin Islands
is not an adequate alternative forum because (1) jury trials are
not permitted; (2) it is impossible to compel the attendance of
witnesses or the production of documents located outside the

---

[1] While not dispositive, the Court notes that Rosewood, in support of its
motion, has offered the affidavit of Kissock Christopher Laing ("Laing"), an
attorney and former judge in the British Virgin Islands. Laing's
statements appear to be consistent with the Court's independent analysis of,
and findings on, the judicial system of the British Virgin Islands. Indeed,
Laing describes in considerable detail the judicial system of the British
Virgin Islands, opines that their procedural rules protect the parties' rights
to present evidence, have public trials, and enforce the judgments
they obtain. He states that the ECSC would have jurisdiction over this matter
because the incident occurred in British Virgin Islands waters and involves
residents of the British Virgin Islands. He further notes that the
substantive and procedural law of the British Virgin Islands is largely
identical with the laws of the United Kingdom and Canada. (Laing's Aff.
¶¶ 10, 18, 20-22, 24.)

*Hoffman v. Rosewood Hotels & Resorts*
Civil No. 2012-86
Memorandum Opinion
Page 10

British Virgin Islands; (3) depositions are not permitted except when a witness will be unavailable for trial; and (4) British Virgin Islands courts do not use court reporters.

Rosewood disputes the accuracy of Hoffman's various objections to the British Virgin Islands judicial system. Yet, assuming, without deciding, Hoffman's contentions are correct, it is well settled that " 'some inconvenience or the unavailability of beneficial litigation procedures similar to those available in the federal district courts does not render an alternative forum inadequate.' " *Borden, Inc. v. Meiji Milk Prods. Co., Ltd.*, 919 F.2d 822, 829 (2d Cir. 1990) (quoting *Shields v. Mi Ryung Constr. Co.*, 508 F. Supp. 891, 895 (S.D.N.Y. 1981)); *see also Blanco v. Blanco Indus. de Venezuela, S.A.*, 997 F.2d 974, 981–82 (2d Cir. 1993) (holding that general "systemic deficiencies" in Venezuela judicial system, hostility to foreign suitors, and public unrest did not render Venezuela inadequate alternative forum); *Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764, 768 (9th Cir. 1991) (holding that lack of trial by jury does not render Japan inadequate forum); *Alcoa S. S. Co., Inc. v. M/V Nordic Regent*, 654 F.2d 147, 159 (2d Cir. 1980) (holding that inadequacy of alternative forum was not established by prospect of lesser recovery). Indeed, in this context, courts have routinely emphasized that " '[i]t is not the business of our courts to assume the responsibility for

supervising the integrity of the judicial system of another
sovereign nation.' " *Chesley v. Union Carbide Corp.*, 927 F.2d
60, 66 (2d Cir. 1991) (quoting *Jhirad v. Ferrandina*, 536 F.2d
478, 484-85 (2d Cir.), *cert. denied*, 429 U.S. 833 (1976)). The
Court further notes that at least one other federal court has
previously found an adequate alternative forum to exist in the
British Virgin Islands. *See Saud v. PIA Invs. Ltd.*, No. 07 civ.
5603 (NRB), 2007 WL 4457441, at *3 (S.D.N.Y. Dec. 14, 2007)
(finding no evidence to "suggest that the British Virgin Islands
courts lack general competency" or that "the remedies
available . . . are unsatisfactory").

The Court is thus unpersuaded that Hoffman's objections, if
true, would render the British Virgin Islands an inadequate
alternative forum. The Court thus finds that this litigation
could be adequately litigated in a British Virgin Islands court.

B.  **Hoffman's Choice of Forum**

Rosewood argues that Hoffman is entitled to little
deference with respect to his choice to bring his claim in the
District of the Virgin Islands because he is a citizen and
resident of Connecticut with no ties to this jurisdiction.

"Ordinarily, great deference is accorded a plaintiff's
choice of forum, but the amount of deference due is less when
the plaintiff is foreign." *Lony*, 886 F.2d at 633 (citing *Piper
Aircraft*, 454 U.S. at 255. Where the plaintiff is an American

citizen, his " 'home forum' . . . is a United States
court . . . ." *Guidi v. Inter-Continental Hotels Corp.*, 224 F.3d
142, 146 (2d Cir. 2000). The particular state where an American
plaintiff resides is not relevant to the forum non conveniens
analysis when the alternative forum is a foreign court. *Id.* at
146. n.4 (holding that, when American plaintiffs sued foreign
defendant, "the states where Plaintiffs reside are not relevant
to the *forum non conveniens* analysis in this case."); *Reid-Walen
v. Hansen*, 933 F.2d 1390, 1394 (8th Cir. 1991) (in a forum non
conveniens case involving a foreign court, "the 'home forum' for
the plaintiff is any federal district in the United States, not
the particular district where the plaintiff lives.").

By choosing to litigate in a United States court, Hoffman,
as an American citizen, has chosen his "home forum." As such,
his choice is entitled to "great deference," *Lony*, 886 F.2d at
633. "[A] strong presumption of convenience" thus exists in
favor of Hoffman's choice of forum. *Windt v. Qwest Commc'ns
Int'l, Inc.*, 529 F.3d 183, 190 (3d Cir. 2008) (citing *Piper
Aircraft*, 454 U.S. at 255). "[T]his presumption may only be
overcome when the balance of the public and private factors
clearly favors an alternate forum." *Id.*

## C.   Private-Interest Factors

Rosewood contends that all of the private-interest factors counsel in favor of dismissal. Hoffman contends that dismissal at this stage would be premature.

### 1.   Availability of Evidence and Witnesses

The first two *Gilbert* factors concern "the relative ease of access to sources of proof" and the "availability of compulsory process for attendance of unwilling, and the cost of obtaining willing, witnesses . . . ." *Gilbert*, 330 U.S. at 508.

In *Delta Air Lines, Inc. v. Chimet, S.p.A.*, 619 F.3d 288 (3d Cir. 2010), the dispute centered on a stolen shipment of platinum. The defendant, Chimet, S.p.A. ("Chimet"), arranged for the plaintiff, Delta Air Lines, Inc. ("Delta") to transport 100 kilograms of pure platinum from Milan, Italy, to Philadelphia, Pennsylvania. After the platinum arrived in Philadelphia, but before it reached its ultimate destination, it was stolen. Delta then brought suit in the Eastern District of Pennsylvania, seeking a declaration that it was not liable for the lost platinum. Chimet moved to dismiss on forum non conveniens grounds.

Chimet contended that the private-interest factors counseled in favor of dismissal in part because "all of the evidence regarding the communications between Chimet and Delta, the meaning of [a disputed contract term], and whatever

documentary evidence exists outside of the air waybill [a form contract for shipment services] and delivery receipt is in Italy." *Id.* at 296. Chimet also maintained that it "would need to depose third-party witnesses who reside in Italy, speak only Italian, and are beyond the scope of the Court's subpoena power." *Id.* In support of its claim, Chimet produced an affidavit attesting to the need to obtain testimony from various Italian witnesses and to obtain evidence from various Italian sources.

The court held that Chimet "met its burden that this evidence may only be obtained in Italy." *Id.* at 299. In so concluding, the court explained that "A party seeking to dismiss an action on *forum non conveniens* grounds is not required 'to describe with specificity the evidence they would not be able to obtain if trial were held in the United States.' " *Id.* (quoting *Piper Aircraft*, 454 U.S. at 258). "Rather, the defendant 'must provide enough information to enable the District Court to balance the parties' interests.' " *Id.* (quoting *Piper Aircraft*, 454 U.S. at 258 (rejecting the suggestion that "defendants seeking *forum non conveniens* dismissal must submit affidavits identifying the witnesses they would call and the testimony these would provide if the trial were held in the alternative forum," explaining that "[s]uch detail is not necessary.").

*Hoffman v. Rosewood Hotels & Resorts*
Civil No. 2012-86
Memorandum Opinion
Page 14

Here, Rosewood offers the affidavit of Duncan Hogarth
("Hogarth"), the managing director of Rosewood Little Dix Bay
and a resident of Virgin Gorda. He avers that he has knowledge
of the alleged accident giving rise to Hoffman's injury. He also
states that he has identified four other Rosewood employees who
may be potential witnesses: Claudia Parillon, the Water
Activities Director; Melissa Fergus Smith and Christine Stevens,
airport greeters; and Helen McBride, a "Duty Manager." All of
these Rosewood employees are residents of the British Virgin
Islands. (Hogarth's Aff. ¶ 7.) Hogarth also avers that there are
three other potential witnesses: Adam Suchodolski, a former
Rosewood employee; Andy Bradley, the owner of B&B; and Hurst,
the captain of the vessel on which Hoffman was injured. Although
Hogarth does not aver where these witnesses currently reside, he
does state that B&B is a British Virgin Islands Corporation.
(Hogarth's Aff. ¶ 9.) Lastly, Hogarth notes that Hoffman was
treated at the Peebles Hospital in Tortola, and that personnel
at that hospital may also be witnesses. (Hogarth's Aff. ¶ 10.)
As noted above, the ECSC may compel the attendance of
witnesses at trial. This is done by the issuance of summonses,
which the High Court may grant upon petition of a party. ECSC
Civ. P. R. 33.2(1); 33.3(2). A witness summons is effective on
any person within the territory of the British Virgin Islands.
*See* ECSC Civ. P. R. 33.15(1).

The evidence adduced by Rosewood shows that most, if not all, of the likely witnesses are residents of the British Virgin Islands and not under this Court's subpoena powers. However, the High Court will be able to compel the attendance of these witnesses. Ordinarily, this evidence would be sufficient to support a finding that the first and second private-interest factors counsel in favor of dismissal.

Hoffman responds, however, that more discovery is needed to determine whether evidence and witnesses would truly be more readily available in the British Virgin Islands. He claims that "it would be a highly relevant fact that [Rosewood] pays for daily ferry transportation for employees and guests to travel from St. Thomas to the Little Dix Bay Resort . . . ." (Hoffman's Opp. at 9.)

Hoffman offers no evidence to suggest that any of the witnesses identified in Hogarth's affidavit are in fact residents of the United States Virgin Islands, or any other jurisdiction. Moreover, Hoffman's Amended Complaint alleges that he sustained his injuries in the British Virgin Islands, in a boat he contracted with through a hotel in the British Virgin Islands, operated by an employee of a British Virgin Islands corporation. (*See* Amend. Compl. ¶¶ 5-30.) Nothing in the Amended Complaint suggests there is likely to be any witness--or, at the very least, any fact witness--who is not from the British Virgin

Islands. Indeed, Hoffman does not suggest that any of the conduct relating to his injuries occurred anywhere other than the British Virgin Islands. *Compare Beebe v. Housatonic R.R. Co., Inc.*, No. 05-CV-0021 (TJA), 2005 WL 1173974, at *3 (N.D.N.Y. May 12, 2005) (allowing additional discovery with respect to forum non conveniens issue when the location of the accident was disputed).

Even if Hoffman's assertions were correct, and some of the witnesses identified in Hogarth's affidavit spend some time in the United States Virgin Islands, this would at best show that they may be subject to process in both jurisdictions. The Court must weigh this possibility against the evidence presented by Rosewood, and with due regard to the alleged locus of the dispute. Accordingly, given the evidence offered by Rosewood, and the allegations set forth in Hoffman's Amended Complaint, the Court finds that the first and second private-interest factors counsel in favor of dismissal.

### 2. Premises

The third private-interest factor concerns the "possibility of view of premises, if view would be appropriate to the action . . . ." *Gilbert*, 330 U.S. at 508. Here, the alleged accident did not occur on any premises, but rather at sea. To the extent the vessel may be considered "premises," the vessel in question is owned and operated by a British Virgin Islands

corporation. Thus, to the extent it is applicable, this factor counsels in favor of dismissal.

### 3. Other Practical Problems

The Court is also to give due consideration to "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Gilbert*, 330 U.S. at 508. Neither Rosewood nor Hoffman identify any other practical problems that may result from litigating this case here or in the British Virgin Islands. Accordingly, this factor is neutral.

### D. Public-Interest Factors

Rosewood also argues that all of the public-interest factors counsel in favor of dismissal.

### 1. Congestion

The first public interest factor concerns "the administrative difficulties flowing from court congestion . . . ." *Piper Aircraft*, 454 U.S. at 241 n.6. Rosewood maintains that "It is well recognized that the USVI is a heavily congested federal district." (Rosewood's Mot. to Dismiss at 13.) Rosewood does not, however, offer any evidence in support of this contention. Even if it were true, Rosewood does not offer any evidence to show the congestion, or lack thereof, of the British Virgin Islands courts. In the absence of any basis upon which to compare the two judicial systems, the Court must conclude that this factor is neutral.

### 2.   Local Interests

The second public-interest factor concerns "the 'local interest in having localized controversies decided at home . . . .' " *Piper Aircraft*, 454 U.S. at 241 n.6 (quoting *Gilbert*, 330 U.S. at 509) In evaluating this factor, a court "must consider the locus of the alleged culpable conduct, often a disputed issue, and the connection of that conduct to plaintiff's chosen forum." *Delta Air Lines*, 619 F.3d at 300 (quoting *Lacey*, 862 F.2d at 42 (quoting *Van Cauweberghe*, 486 U.S. at 528)) (internal quotation marks omitted).

In *Delta Air Lines*, the Third Circuit considered whether Italy or Pennsylvania had the weightier interests in the dispute. The Court noted that "The factual issues at the center of this dispute . . . all involve whether Chimet declared the value of the shipment when it delivered the platinum to Delta in Italy." 619 F.3d at 300. Although the cargo was stolen in Pennsylvania, this fact was ultimately not relevant for the purposes of that lawsuit, as liability turned instead on the meaning of certain disputed contract terms. The court thus held that "the locus of the alleged culpable conduct was Italy, not Pennsylvania." *Id*.

Likewise, in this case, the factual issues at the center of this dispute all involve whether B&B's and Rosewood's alleged negligence surrounding Hoffman's boat trip was the cause of

Hoffman's injury. All of the relevant conduct described in
Hoffman's complaint occurred in the British Virgin Islands.
There is simply no connection between the "alleged culpable
conduct" and "plaintiff's chosen forum," namely, the District of
the Virgin Islands. *See Lacey*, 862 F.2d at 42. Aside from
geographic proximity, there is no identifiable relationship
between this District and the jurisdiction where the alleged
accident occurred. Accordingly, the Court finds that this factor
counsels in favor of dismissal.

### 3. Local Law

The third and fourth public-interest factors concern "the
interest in having the trial of a diversity case in a forum that
is at home with the law that must govern the action; [and] the
avoidance of unnecessary problems in conflict of laws, or in the
application of foreign law . . . ." *Piper Aircraft*, 454 U.S. at
241 n.6.

Here, Hoffman's claimed basis for invoking this court's
jurisdiction is solely diversity of citizenship. (Amend. Compl.
¶ 1.) A federal court sitting in diversity is "bound to
follow . . . the forum's choice of law rules." *Robeson Indus.
Corp. v. Hartford Accident & Indem. Co.*, 178 F.3d 160, 165 (3d
Cir. 1999) (citing *Klaxon v. Stentor Mfg. Co.*, 313 U.S. 487, 496
(1941)). "In the Virgin Islands, choice-of-law questions are
resolved by reference to the Restatement (Second) of Conflict of

Laws." *B A Properties, Inc. v. Aetna Cas. & Sur. Co.*, 273 F.

Supp. 2d 673, 678 (D.V.I. 2003) (citing V.I. CODE ANN. tit. 1, § 4

(providing that, in the absence of local law to the contrary,

the Restatements of the Law shall be the rules of decision in

Virgin Islands courts)).

With respect to claims for personal injury, the Second

Restatement of Conflict of Laws provides: "the local law of the

state where the injury occurred determines the rights and

liabilities of the parties unless, with respect to the particular

issue, some other state has a more significant

relationship . . . to the occurrence and the parties . . . ."

RESTATEMENT (SECOND) OF LAWS § 146 (1971).

Here, as noted above, the injury occurred in the British

Virgin Islands. Moreover, there is no apparent relationship

between Hoffman's injury, the conduct which allegedly gave rise

to it, and this jurisdiction. Thus, under Virgin Islands choice-

of-law rules, it would appear that British Virgin Islands law

would govern this dispute.

While this Court is not unfamiliar with the law of the

British Virgin Islands, it is certainly not as "at home with the

law that must govern the action," *Piper Aircraft*, 454 U.S. at

241 n.6, as the courts of the British Virgin Islands themselves.

Indeed, it would appear that litigating this claim before this

Court would serve only to create "unnecessary problems in

conflict of laws, or in the application of foreign law," *Piper Aircraft*, 454 U.S. at 241 n.6, particularly when the proposed alternative jurisdiction is the very source of the governing law. The Court thus finds that this factor counsels in favor of dismissal.

### 4. Jury Duty

Lastly, the Court is to consider "the unfairness of burdening citizens in an unrelated forum with jury duty." *Piper Aircraft*, 454 U.S. at 241 n.6. This action involves an injury sustained in the British Virgin Islands. The governing law is the law of the British Virgin Islands. It seems uniquely burdensome to require a jury in the United States Virgin Islands to both consider foreign evidence and apply foreign law. Thus, the Court finds that this factor counsels in favor of dismissal.

### IV. <u>CONCLUSION</u>

Hoffman chose to bring his claim in a "home" forum. His choice is thus entitled to considerable deference. However, his claim involves conduct which occurred entirely in the British Virgin Islands, proof of which will require obtaining evidence and witnesses from the British Virgin Islands. British Virgin Islands law will also be at issue. The British Virgin Islands has a judicial system capable of addressing those issues. Indeed, this Court expects that the British Virgin Islands' judiciary would have a keen interest in resolving such a dispute. As such,

*Hoffman v. Rosewood Hotels & Resorts*
Civil No. 2012-86
Memorandum Opinion
Page 23

the Court will dismiss this action.

In doing so, the Court is mindful that dismissal is a harsh remedy. At the same time, the Court cannot ignore the interests of Rosewood in avoiding litigation that would be oppressive in this inconvenient forum, as well as the public's interest in allowing localized controversies to be decided locally. In this case, these interests simply outweigh Hoffman's interest in proceeding in the forum of his choice. Accordingly, this action will be dismissed.

An appropriate order follows.

S_____
**CURTIS V. GÓMEZ**
**Chief Judge**